UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN NOEL KETCHENS, CDCR #F-56592,<br><br>                                Plaintiff,<br><br>vs.<br><br>J. CORCORAN, Correctional Officer; R. FLORES, Correctional Counselor,<br><br>                                Defendants. | Case No.: 3:20-cv-02457-CAB-BGS<br><br>**ORDER:**<br><br>**1) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**<br><br>**AND**<br><br>**2) DIRECTING CLERK OF COURT TO ISSUE A SUMMONS PURSUANT TO Fed. R. Civ. P. 4(b)** |

**I.     Procedural History**

Steven Noel Ketchens ("Plaintiff"), currently incarcerated at the California Institution for Men ("CIM") in Chino, California, is proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff claims two Richard J. Donovan Correctional Facility ("RJD") officials violated his constitutional rights by retaliating, harassing, inciting violence, and discriminating against him for filing prison grievances, reporting "illegal activity in Housing Unit 4A," and "requesting a criminal probe into the misconduct that had been taking place" while he was incarcerated there in October and December 2018. *Id.* at 1-7, 10-11. He seeks declaratory relief, as well as

nominal, compensatory and punitive damages. *Id.* at 11-12. Plaintiff further alleges to have "fully exhausted" his administrative remedies before filing suit, and his Complaint is verified under penalty of perjury. *Id.* at 8, 12.

Plaintiff prepaid the $402 filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint on December 17, 2020. (*See* ECF No. 1-2, Receipt No. CAS126334.) Therefore, unlike most *pro se* litigants, Plaintiff does not seek leave to proceed in forma pauperis in this action pursuant to 28 U.S.C. § 1915(a).

## II.   Screening of Complaint pursuant to 28 U.S.C. § 1915A

As a preliminary matter, the Court has conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

The Court finds Plaintiff's Complaint contains First Amendment retaliation allegations sufficient to survive the "low threshold" set for sua sponte screening. *See* 28 U.S.C. § 1915A(b); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121, 1123 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable

1  claim of First Amendment retaliation entails five basic elements: (1) An assertion that a
2  state actor took some adverse action against an inmate (2) because of (3) that prisoner's
3  protected conduct, and that such action (4) chilled the inmate's exercise of his First
4  Amendment rights, and (5) the action did not reasonably advance a legitimate correctional
5  goal."); *Entler v. Gregoire*, 872 F.3d 1031, 1044 (9th Cir. 2017) ("[J]ust as with threats to
6  file civil litigation, … the right to petition for the redress of grievances applies with equal
7  force to threats to file criminal complaints.").

8  However, it does not appear that Plaintiff has requested that the Clerk issue a
9  summons, "present[ed] a summons to the clerk for signature and seal" pursuant to Fed. R.
10 Civ. P. 4(b), or has yet to execute service of his Complaint upon either of the named
11 Defendants. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (absent a specific
12 request and court order that the U.S. Marshal effect service on their behalf pursuant to Fed.
13 R. Civ. P. 4(c)(3), persons who prepay civil filing fees "remain[] responsible for timely
14 service."); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before
15 a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement
16 of service of summons must be satisfied.").

17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

### III. Conclusion and Order

Accordingly, the Court **DIRECTS** the Clerk of the Court to issue a summons upon the Defendants identified in Plaintiff's Complaint pursuant to Fed. R. Civ. P. 4(b) so that he may execute service upon them as required by Fed. R. Civ. P. 4(c). Plaintiff must effect personal service within 90 days of this Order, and file proof of that service pursuant to Fed. R. Civ. P. 4(l), or file a waiver pursuant to Fed. R. Civ. P. 4(d) within that time, or face dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 4(m).[1]

**IT IS SO ORDERED**.

Dated: January 8, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Because Plaintiff is not proceeding IFP, he is "responsible for having the summons and complaint served" now that his pleading has survived the sua sponte screening required by 28 U.S.C. § 1915A. *See* Fed. R. Civ. P. 4(c)(1). The Court has tolled Rule 4(m)'s service clock while it conducted that screening. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010*); Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996)).